FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 OCT 24 PM 5 08

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TAMRA PALMER, as conservator of Andrew J. Milonis; GABRIELLE E. MILONIS; and GABRIELLE E. MILONIS as the parent of T.M., A.M., and P.M., the minor children of Gabrielle and Andrew Milonis,<br><br>Plaintiffs,<br><br>v.<br><br>LAMPSON INTERNATIONAL, LLC; EARTH WORK SOLUTIONS (WY); and THUNDER BASIN COAL COMPANY, LLC,<br><br>Defendants. | Case No. 11-CV-199-J |

## ORDER DENYING DEFENDANT THUNDER BASIN COAL COMPANY'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Andrew Milonis was injured when a crane collapsed during a construction project for a coal mine owned by Defendant Thunder Basin Coal Company (TBCC). Mr. Milonis, along with his wife and children, brought suit against TBCC, one of TBCC's independent contractors, Earth Work Solutions (WY), and the crane manufacturer and operator, Lampson International, LLC. Plaintiffs asserted claims of negligence, loss of spousal consortium, and loss of parental consortium. Defendant TBCC has filed a motion for summary judgment on all of Plaintiffs' claims. This Court denies TBCC's motion.

1

**FACTS**

Defendant Thunder Basin Coal Company (TBCC) owns and operates a coal mine in Campbell County, Wyoming. TBCC contracted with The Industrial Company Wyoming, Inc. (TIC) to build a new facility for transporting coal from that mine. Plaintiff Andrew Milonis was an employee of TIC. The facility required construction of a conveyor system to transport coal from the mine and an extension of a rail line. TIC hired a crane subcontractor, Defendant Lampson International, LCC (Lampson), to operate a crane that would lift various sections of the conveyor system and put them in place. TBCC also contracted with Defendant Earth Work Solutions (EWS) to do some of the work associated with the new rail line. EWS also helped prepare the ground where the crane performed its lifts. TBCC's contracts with TIC and EWS expressly stated that TIC and EWS were independent contractors.

During construction of the conveyor system, a Lampson crane collapsed while it was lifting a section of conveyor tubing into place. The crane was sitting atop a lift pad, known as the Bent 4 pad, when it collapsed. Falling pendant lines and pendant line connectors that were connected to the crane struck Mr. Milonis when the crane collapsed, severely injuring him.

Mr. Milonis brought suit against TBCC, EWS, and Lampson, asserting that each was liable to him in negligence. Mr. Milonis's wife, Plaintiff Gabrielle Milonis, has asserted claims against Defendants for loss of spousal consortium, and the Milonis's children, Plaintiffs T.M., A.M., and P.M., have asserted claims against Defendants for loss of parental consortium.

TBCC has now moved for summary judgment on all of Plaintiffs' claims against it, arguing that it is entitled to summary judgment because it did not owe Mr. Milonis a duty of care as a matter of law. Plaintiffs responded to TBCC's motion by arguing that genuine issues of material fact exist in this case that preclude summary judgment. TBCC then filed its reply.

## STANDARD OF REVIEW

The standard of review for summary judgment governs this motion. "Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). In applying this standard, this Court views the factual record and draws all reasonable inferences from that record most favorably to the nonmovant. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.*

## ANALYSIS

The Court denies TBCC's motion for summary judgment because a genuine issue of material fact exists regarding whether TBCC exercised sufficient control over the Bent 4 pad or assumed affirmative safety duties with regard to the work on the pad such that it owed a duty of care to Mr. Milonis.

3

Under Wyoming law, a landowner or general contractor, such as TBCC in this case, generally does not owe a duty of care to an independent contractor's employees to protect those employees from hazards that are incidental to, or part of, the very work the independent contractor was hired to perform. *See Jones v. Chevron U.S.A., Inc.*, 718 P.2d 890, 894 (Wyo. 1986). This rule has an exception, however: If a landowner or general contractor either assumes affirmative duties with respect to the safety of the work site or retains sufficient control over the details of the work, then the landowner or general contractor owes a duty of care to the independent contractor's employees. *See id.* at 896.

Generally, whether a defendant owes a duty of care is a question of law for the court. *See Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 658 (Wyo. 2003). But, "when the question of duty depends upon the initial determination of certain basic facts, that initial determination is a question of fact for the fact-finder." *Id.* Here, the question of TBCC's duty depends upon the initial determination of certain basic facts, namely, whether TBCC assumed affirmative duties with respect to safety or retained sufficient control over the Bent 4 pad work site. *See Brewster v. Salveson Constr., Inc.*, 765 P.2d 1350, 1353 (granting general contractor summary judgment because no genuine issue of material fact existed regarding general contractor's control of independent contractor's work and general contractor's assumption of duties for safety). Thus, summary judgment is inappropriate so long as a genuine dispute exists between TBCC and Plaintiffs on these questions.

This Court holds that summary judgment is inappropriate here because the parties genuinely dispute whether TBCC exercised control over or assumed any affirmative safety duties

4

regarding the Bent 4 pad work site. Plaintiffs contend, supported by deposition testimony, that TBCC exercised control over and directed the work on the Bent 4 pad because "TBCC, as the construction manager of the entire project, had the responsibility to design, construct and test the [Bent 4] pad." (Pls.' Resp. 1; *see id.* at 6 ("According to TBCC's own expert, . . . TBCC, as construction manager, had the ultimate authority over and right to control each of the entities with whom it contracted.")). Plaintiffs also contend that TBCC assumed affirmative duties with respect to the safety of the Bent 4 pad because TBCC represented that it would provide ground that was good for 2500 psf, an engineered foundation, and positive drainage of the crane pad area. (*See id.* at 1, 4–5).

TBCC for its part, and also supported by deposition testimony, argues that it exercised no control over the Bent 4 pad. (*See* TBCC's Br. 6 ("TIC 'had complete control and responsibility for everything involving' the [Bent 4 pad]. . . . TIC, through its crane subcontractor, Lampson, was 'responsible for the whole package' concerning the Crane and its pads.")). TBCC also argues that it never assumed any safety duties because its contracts with both TIC and EWS expressly placed the responsibility for ensuring safe operations on TIC and EWS. (*See id.* at 22).

The parties' dispute about whether TBCC exercised sufficient control over or assumed affirmative duties of safety regarding the Bent 4 pad is material because it goes to the question of TBCC's duty of care in this negligence suit. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) ("An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."). Their dispute also is genuine because a rational trier of fact could resolve the question of TBCC's control and safety duties over the Bent 4 pad in either

5

parties favor. *See id.* ("An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."). Thus, this Court denies TBCC's motion for summary judgment because a genuine issue of material fact exists regarding TBCC's control over and assumption of affirmative duties of safety regarding the Bent 4 pad.

## CONCLUSION

This Court denies TBCC's motion for summary judgment because a genuine issue of material fact exists regarding whether TBCC exercised sufficient control over the Bent 4 pad or assumed affirmative duties of safety regarding the work on the Bent 4 pad such that it owed a duty of care to Mr. Milonis. It is therefore

ORDERED that Defendant Thunder Basin Coal Company's Motion for Summary Judgment is DENIED.

Dated this 24 day of October, 2012.

Alan B. Johnson
United States District Judge